UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

KWAME INNIS,

                                       Plaintiff,

    -against-

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                                   Defendant.

-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-05601 (JMA)

FILED
CLERK
1:29 pm, Aug 04, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Kwame Innis ("Plaintiff") seeks review and partial reversal of the final decision by the Commissioner of Social Security ("Commissioner" or "Defendant"), reached after a hearing before an administrative law judge, granting in part and denying in part his application for Social Security disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 12, 13.) For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the case is REMANDED for further proceedings consistent with this Order.

## I.    BACKGROUND

Plaintiff served as a Nassau County police officer for more than 18 years. (Tr.[1] 33, 195.) He retired in 2014 after suffering ankle and shoulder injuries. (Tr. 33–34, 195.) He filed his application for disability and disability insurance benefits on March 9, 2017, alleging a disability onset date of May 1, 2014. (Tr. 90, 166–73.)

---

[1]     Citations to "Tr." refer to the corresponding pages of the certified administrative transcript. (ECF No. 16.)

Following the denial of his application, Plaintiff requested a hearing. On July 3, 2019, Administrative Law Judge Brian Crawley (the "ALJ") conducted an administrative hearing, at which Plaintiff was represented by counsel. (Tr. 29.) David Vandergoot, Ph.D., a vocational expert (the "VE"), also testified at the hearing. (Id.)

In a decision dated November 21, 2019, the ALJ issued a partially favorable decision on Plaintiff's claim. (Tr. 7–24 (the "Decision").) The ALJ followed the five-step analysis pursuant to 20 C.F.R. § 404.1520. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (Tr. 14.) Second, the ALJ found that Plaintiff had demonstrated the severe impairment of degenerative joint disease of the right ankle. (Tr. 14.) Third, the ALJ decided that this impairment did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.) Fourth, the ALJ found that prior to August 6, 2019[2], Plaintiff had the residual functioning capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Plaintiff "requires the use of a cane to ambulate." (Tr. 15.) The ALJ also determined that since August 6, 2019, Plaintiff had the RFC to perform sedentary work, except that he "can sit for five hours in an eight hour workday with the ability to stand and walk thirty minutes, each in an eight hour workday." (Tr. 17.)

The ALJ next found, based on the VE's testimony, that Plaintiff's past relevant work was classified as Police Officer (Dictionary of Occupational Titles ("DOT") 375.263-014) and Furniture Restorer (DOT 763.380-010). (Tr. 18.) The VE also testified that Plaintiff had acquired several transferable skills from his prior work, which the ALJ condensed as comprising: (i)

---

[2] On August 6, 2019, after the hearing before the ALJ but before the ALJ issued the Decision, Plaintiff underwent a second consultative examination by Syeda Asad, M.D. to assess pain in his right ankle and shoulder. (Tr. 587.) Based on Dr. Asad's findings and medical source statement, the ALJ found that Plaintiff was "disabled" beginning August 6, 2019, as explained below. (Tr. 20.)

2

"working with people," (ii) "managing emergencies," (iii) "identifying hazards and compliance issues," (iv) "applying rules and regulations appropriately," (v) "using information and record keeping systems," and (vi) "using communication equipment." (Tr. 18, 69.) The VE opined that these purported skills were transferable to work as a Police Aide (DOT 243.362-014), Radio Dispatcher (DOT 379.362-010), or Registration Clerk (DOT 205.367-042). (Tr. 19, 70.)

Based on the VE's testimony, and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that prior to August 6, 2019, Plaintiff could perform the occupations of Police Aide, Radio Dispatcher, and Registration Clerk. (Tr. 19.) Accordingly, the ALJ concluded that Plaintiff was "not disabled," as defined by the Act, from May 1, 2014, until August 5, 2019. (Tr. 20.) However, the ALJ concluded that beginning August 6, 2019, "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," and therefore Plaintiff "became disabled on [August 6, 2019] and has continued to be disabled through the date of this decision." (Tr. 20.)

The Decision became final on September 18, 2020, when the Appeals Council denied Plaintiff's request for review. (Tr. 1.) This appeal followed.

## II.    LEGAL STANDARDS

### A.    Standard of Review

In reviewing a denial of disability benefits by the Social Security Administration, it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402

U.S. 389, 401 (1971)). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). See also Shalala v. Schaefer, 509 U.S. 292, 296–97 & n.1 (1993). The "reviewing court will order remand for further proceedings when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or incorrectly applied the applicable laws and regulations." Kessler v. Comm'r of Soc. Sec., No. 17-CV-4264, 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999)).

**B.    Social Security Disability Standard**

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled when his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy[.]" Id. § 423(d)(2)(A).

As discussed above, the Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Within this framework, a claimant will be found disabled if the Commissioner determines:

> (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find his disabled if (5) there is not another type of work the claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). At step four, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his prior type of work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden at the first four steps, but at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam). "A reviewing court applies the 'substantial evidence' standard to a Commissioner's determination in step five as to whether and which skills a claimant acquired in a previous job are transferable to jobs that claimant can perform in light of his or her RFC." Morales v. Comm'r of Soc. Sec., No. 21-CV-511, 2022 WL 4586313, at *4 (E.D.N.Y. Sept. 29, 2022) (citing Draegert v. Barnhart, 311 F.3d 468, 473 (2d Cir. 2002)); see also Clark v. Berryhill, 697 F. App'x 49, 51–52 (2d Cir. 2017).

### III. DISCUSSION

Plaintiff's challenge is limited in scope. He does not dispute the ALJ's finding that before August 6, 2019, he could perform sedentary work. However, he asserts that the ALJ committed reversible error in analyzing the transferability of his skills from his prior work as a police officer. Specifically, he contends that the VE's testimony failed to establish that he acquired skills from

5

his job as a police officer that are transferable to the jobs of Police Aide, Radio Dispatcher, and Registration Clerk. Therefore, he argues, the ALJ's finding that he was not "disabled" during the time period from November 13, 2016[3] to August 5, 2019 is not supported by substantial evidence. (Pl.'s Mem.[4] at 11–13.) For the reasons explained below, the Court agrees.

"'[T]he crucial factors in any determination must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" Clark, 697 F. App'x at 51 (quoting Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). To make "sufficiently specific findings" about the transferability of skills to other jobs in the national economy, the ALJ must "link" a claimant's skills acquired through prior work to "particular tasks" that are specific to the jobs identified by the VE. Draegert, 311 F.3d at 476; see also Ruiz v. Berryhill, No. 15-CV-1059, 2018 WL 4047204, at *13 (E.D.N.Y. July 24, 2018) ("Put differently, the ALJ must analyze the skills' transferability as they related to the jobs for which the VE found [Plaintiff] was suited." (internal quotation marks and citation omitted)). "Thus, in making a finding that skills are transferrable, the ALJ and VE must not phrase the claimant's transferable skills so vaguely that they might apply to jobs that are vastly different from the claimant's past relevant work." Morales, 2022 WL 4586313, at *5 (internal quotation marks and citation omitted).

---

[3] Plaintiff turned 50 years old on November 13, 2016. This date is significant because prior to his 50th birthday, he was categorized as a "younger person" under the Commissioner's regulations. See 20 C.F.R. § 404.1563(c). For a "younger person," transferability of job skills is immaterial to the determination of disability. See id. § Pt. 404, Subpt. P, App. 2 §§ 201.21–.22. Once Plaintiff turned 50, however, he became a "person closely approaching advanced age." See id. § 404.1563(d). Importantly, the regulations recognize that such persons "may be significantly limited in vocational adaptability if they are restricted to sedentary work," and therefore where "such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains." Id. § Pt. 404, Subpt. P, App. 2 § 201.00(g).

[4] "Pl.'s Mem." refers to Plaintiff's "Memorandum of Law in Support of Motion for a Judgment on the Pleadings." (ECF No. 12.) "Def.'s Mem." refers to Defendant's "Memorandum of Law in Support of the Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings." (ECF No. 13-1.)

"Otherwise, as the Draegert court explained, 'abilities, when not linked to any particular tasks are merely traits or aptitudes, not jobs skills.'" Id. (quoting Draegert, 311 F.3d at 476).

In this case, the ALJ made the following relevant factual findings in the Decision: (1) during the pendency of the proceedings, Plaintiff turned 50 years old, and became "closely approaching advanced age," 20 C.F.R. § 404.1563(d); (2) Plaintiff had a high school education, id. § 404.1564(b)(4); (3) since May 1, 2014, Plaintiff was unable to perform any past relevant work, id. § 404.1565; (4) prior to August 6, 2019, Plaintiff had a residual functional capacity to perform sedentary work, with the use of a cane to walk, id. § 404.1567(a); and (5) apparently relying on the VE's testimony, Plaintiff had acquired vocational skills from his past work that were transferable to other jobs existing in significant numbers in the national economy that Plaintiff can perform, id. §§ 404.1568(d), 404.1569, 404.1569a. (Tr. 7–24.)

The Court agrees with Plaintiff that the ALJ's determination at the fifth step is not supported by substantial evidence. As noted above, the ALJ determined that Plaintiff had acquired the following transferable skills from his work as a police officer: (i) "working with people," (ii) "managing emergencies," (iii) "identifying hazards and compliance issues," (iv) "applying rules and regulations appropriately," (v) "using information and record keeping systems," and (vi) "using communication equipment." (Tr. 18.) However, not only are these purported skills "so vague[] that they might apply to jobs that are vastly different from [Plaintiff's] past relevant work," but also the VE largely failed "to apply Plaintiff's purported skills to specific tasks performed in the potential occupations identified by the VE." Morales, 2022 WL 4586313, at *5, 6. Compounding this error, the ALJ subsequently adopted the VE's findings without any further analysis, "never sufficiently specifying those skills or addressing how [Plaintiff]'s acquired skills would help h[im] transition to one of the new jobs." Higgs-Wilson v. Saul, No. 17-CV-768, 2019 WL 2537296, at *5 (W.D.N.Y. June 20, 2019). Because the ALJ failed to make "sufficiently

7

specific findings" about the transferability of Plaintiff's skills to the other positions identified by the VE, the ALJ's determination that Plaintiff was "not disabled" beginning November 13, 2016 is not supported by substantial evidence. Id. (citing Clark, 697 F. App'x at 52).

"Where, as here, an ALJ fails to either set forth with sufficient specificity the claimant's acquired vocational skills or to make sufficiently specific findings about their transferability, and those findings were material to the outcome, remand to the Commissioner is warranted." Clark, 697 F. App'x at 52 (citing Draegert, 311 F.3d at 472–77; Ferraris, 728 F.2d at 587–88; and Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982)). On remand, the ALJ should "make specific findings on whether [Plaintiff] acquired vocational skills in his prior work, and if so, whether they were transferable to other jobs existing in significant number in the national economy that [Plaintiff] can perform given his age, education, work experience, and residual functional capacity." Id.; see also Morales, 2022 WL 4586313, at *7 ("On remand, the ALJ should hear testimony from a VE regarding the transferrable skills that Plaintiff possesses and to 'link' any purportedly transferrable skills to the 'particular tasks' that are specific to the other jobs that the VE recommends." (footnote and citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings, DENIES the Commissioner's cross-motion, and REMANDS this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order. The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: August 4, 2023
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE